# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JIMMY DWAYNE CLINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-01109 |
| ) | |
| GORDON BRIGHT, DENISE BRIGHT, ) | Senior Judge Haynes |
| and GORDON BRIGHT CONSTRUCTION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Jimmy Dwayne Cline, an inmate at the Metro Davidson County Detention Facility ("MDCDF") in Nashville, Tennessee, filed this *pro se* action under several state statutes against the Defendants: Gordon Bright, Denise Bright, and Gordon Bright Construction. (Docket Entry No. 1, Complaint). Plaintiff also a complaint asserting claims under 42 U.S.C. § 1983. (Docket Entry No. 4).

According to his complaint, Defendants Gordon Bright Construction, his former employer, and Gordon and Denise Bright the owners of Gordon Bright Construction allegedly filed a W-2 form for tax year 2014 that provided an incorrect Social Security number for Plaintiff. Plaintiff's Social Security number was correctly printed on all his 2014 paychecks from Gordon Bright Construction. Plaintiff asserts that he repeatedly contacted Defendants by mail, email, telephone, and fax to ask them to correct his 2014 W-2 form, but Defendants failed to respond or to attempt to correct the W-2. As a result, Plaintiff alleges that he suffered various damages, including that his inability to recover his tax refund for 2014 and hindering pursuit of his unemployment claim after his lay off in early 2015. Plaintiff also alleges that he worked for

Gordon Bright Construction in 2013 and that his Social Security number was correct on his 2013 W-2. Plaintiff's complaint does not challenge any condition of his current confinement.

Plaintiff seeks damages of $75,000, that he calculates as follows:

| | |
|---|---|
| 2014 tax return: | $2,100 |
| Unemployment: | $1,000 |
| Personal Materials: | $5,000 |
| Mental Stress: | $50,000 |
| Lost time: | $5,000 |
| Gas: | $200 |
| Pain & Suffering: | $11,700 |

(Docket Entry No. 1, Complaint at 5.)

Plaintiff bears the burden to meet the pleading requirements necessary to establish the Court's jurisdiction. Gibbs v. Buck, 307 U.S. 66, 71 (1939). Pro se litigants are held to less stringent standards than lawyers, but pro se litigants must satisfy basic pleading rules. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's initial complaint does not expressly identify the basis for this Court's jurisdiction, but relies upon state statutes. On the form complaint, for Plaintiff to "[s]tate the grounds for filing this case in Federal Court (include federal statutes and/or U.S. Constitutional Provisions, if you know them)," Plaintiff's complaint lists numerous state statutes. (Docket Entry No. 1, Complaint at 1, 8–13 (quoting statutory provisions)). In a subsequent filing, Plaintiff cited 42 U.S.C. § 1983. (Docket Entry No. 4).

"It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

375, 377 (1994) (citations omitted). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citations omitted). Thus, the fundamental question presented by every action filed in federal courts is whether the court has jurisdiction to hear an action, even where the parties concede or do not raise or address the issue. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 539 (6th Cir. 2006). A federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits. Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 553 (6th Cir. 2012).

Under 28 U.S.C. § 1332(a), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between . . . citizens of different states." In diversity citizenship actions, "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount in the complaint is not claimed 'in good faith'." Horton v. Liberty Mutual Life Ins. Co., 367 U.S. 348, 353 (1961) (quoting St. Paul Mercury Independent Co. v. Rea Co., 303 U.S. 283, 288-289(1938)). Although Defendants are citizens of Kentucky and Plaintiff is a citizen of Tennessee, the amount in controversy does not "exceed[] the sum or value of $75,000" to give this Court diversity jurisdiction under 28 U.S.C. § 1332(a). See Freeland v. Liberty Mut. Fire Ins. Co., 632 F.3d 250, 252-55 (6th Cir. 2011).

Under 28 U.S.C. § 1343(a), "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right,

privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." As a matter of law, claims under 42 U.S.C. § 1983 apply to the conduct of persons acting under "color of state law." Carlson v. Green, 446 U.S. 14, 50 n.16 (1980). A claim under § 1983 will not lie against a party for purely private conduct. Moore v. City of Paducah, 890 F.2d 831, 833 (6th Cir. 1989). Thus, as Defendants are not alleged to be state actors, the Court lacks jurisdiction under 28 U.S.C. § 1343(a) for any claims alleged under 42 U.S.C. § 1983.

Plaintiff has twice elected the statutes under which he elects to proceed. To be sure, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue," 28 U.S.C. § 1340, but Plaintiff has failed to meet the pleading requirements necessary to establish the Court's jurisdiction under 28 U.S.C. § 1340 for his claims under state statutes.

Accordingly, the Court concludes that Plaintiff's claims under § 1983 should be dismissed with prejudice and that Plaintiff's state law claims be dismissed without prejudice for lack of subject matter jurisdiction.

An appropriate order is filed herewith.

**ENTERED** this the 28th day of June, 2016.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge